THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIE LOVE**                                                                                              **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 3:09CV268-TSL-JCS**

**TYSON FOODS, INC.**                                                                                **DEFENDANT**

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING AUTHORITIES**

COMES NOW, the Plaintiff, Willie Love, by and through counsel and serves this his Brief in Support of Response to Defendant's Motion for Summary Judgment, and would show the Court the following:

**I.     BACKGROUND FACTS**

Plaintiff, Willie Love, filed his initial Complaint in state court on March 12, 2009. [Doc. 8 at p. 1]. On April 29, 2009, Defendant removed the current case to federal court. *Id.* Prior to filing the current case, Mr. Love filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 30, 2008, and was issued a Notice of Right to Sue on December 16, 2008. *Id.*

On May 1, 2008, Mr. Love filed for Chapter 13 bankruptcy in the United State Bankruptcy Court for the Northern District of Mississippi. *Id.* On May 14, 2008, Mr. Love filed a set of Schedules in his bankruptcy case declaring that he had no contingent or unliquidated claims. *Id.* at p. 2. On July 16, 2009, Defendant filed its motion for summary judgment claiming Plaintiff should be judicially estopped from pursuing his claims because they were not listed in his bankruptcy that was still pending.

Immediately upon learning of Plaintiff's mistake his counsel in the bankruptcy case amended his bankruptcy petition to list his current lawsuit on July 22, 2009. *See* Amended Schedule, attached hereto as Exhibit "A." On that same day Plaintiff's counsel filed an Application to Employ Louis H. Watson, Jr., P.A. as legal counsel on behalf of the Plaintiff. *See* Application to Employ, attached hereto as Exhibit "B." At the present no entity or individual has filed an objection to Louis H. Watson, Jr., P.A. continuing as counsel on behalf of Mr. Love. The bankruptcy court has set a hearing for Plaintiff's counsel application for August 31, 2009 at 10:00 a.m. *See* Notice of Hearing, attached hereto as Exhibit "C."

## II.   STANDARDS FOR SUMMARY JUDGMENT

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial, and pointing out those portions of the record that demonstrate such an absence. *Id.* Once the movant has made this initial showing, the nonmoving party must present

competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

### III.   ARGUMENT

**A. Judicial Estoppel.**

Judicial estoppel is an equitable doctrine which is designed to prevent a party from asserting a certain position in pleadings in one case and then asserting an inconsistent position in pleadings in another case. *In Re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)), *cert. denied*, 528 U.S. 1117 (2000). The imposition of the doctrine of judicial estoppel is an extraordinary remedy which should be imposed by the court only "when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Oneida Motor Freight Inc. v. United Jersey Bank*, 848 F.2d 414, 424 (3rd Cir. 1988). The United States Supreme Court has stated that the application of judicial estoppel is limited to situations in which the party asserting inconsistent positions seeks to gain an unfair advantage. *New Hampshire v. Maine*, 532 U.S. 742 (2001). Judicial estoppel is most

often applied in a bankruptcy setting when a debtor attempts to prosecute claims previously undisclosed in his bankruptcy proceedings. *In Re Coastal Plains, Id.*

The Fifth Circuit has stated that a court should apply judicial estoppel only if: (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior position; and (2) the party against which estoppel is sought convinced a court to accept the prior position. *In re Coastal Plains*, *Id.* Additionally, both the United States Supreme Court and the Fifth Circuit have stated that whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped is also applicable to the judicial estoppel determination. *See Champions Truck and Equipment, Inc. v. Patterson*, 2008 WL 2810608, at *3 (S.D. Tex. July 21, 2008) (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 399 (5th Cir. 2003); *New Hampshire v. Maine*, *Id.*

### B. Plaintiff's Claims Should Not Be Judicially Estopped.

First, Plaintiff's positions are no longer inconsistent as he has supplemented his Schedule to list the current case as an asset in his bankruptcy. Second, the Defendant has failed to show the bankruptcy court has accepted the Plaintiff's prior position that he had no contingent claims. None of Plaintiff's debts at this point have been discharged because of his mistake to not list his current case in his bankruptcy. The Fifth Circuit has also adopted a third factor outlined by the U.S. Supreme Court for the application of judicial estoppel—whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See GE Plastic Pacific*, 327 F.3d at 399 (citing *New Hampshire*, 532 U.S. at 751). In the current case, the Plaintiff will not derive any unfair advantage or impose

any unfair detriment on any opposing party if not estopped.  Plaintiff's bankruptcy is still pending, and any monies paid by Defendant through settlement or judgment in this case would go into the bankruptcy to pay Plaintiff's creditors first.  To the contrary, if Plaintiff is judicially estopped his creditors would be injured, and would be prevented from receiving any monies from the current case.

## CONCLUSION

As set forth above, the Plaintiff has presented evidence to satisfy his burden to defeat the Defendant's Summary Judgment Motion.

THIS, the 17st day of August, 2009.

> Respectfully submitted,
>
> PLAINTIFF
>
> By: /s Nick Norris
>     Louis H. Watson, Jr.  (MB# 9053)
>     Nick Norris (MB# 101574)
>     Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR.
520 East Capitol Street
Jackson, Mississippi 39201
(601) 968-0000
Fax: (601) 968-0010

**CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on the following:

    Walter J. Brand wbrand@watkinseager.com

SO CERTIFIED, this the 17th day of August, 2009.

        /s Nick Norris
        Nick Norris