```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

WILLIE E. LOVE                                          PLAINTIFF

VS.                           CIVIL ACTION NO. 3:09CV268TSL-JCS

TYSON FOODS, INC.,                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Tyson Foods, Inc. (Tyson) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Wille E. Love has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Tyson's motion should be granted.

On May 30, 2008, plaintiff Willie E. Love filed a charge of discrimination with the Equal Employment Opportunity Commission asserting he was subject to race discrimination and retaliation while employed by Tyson. A notice of right to sue was issued December 16, 2008, and on March 12, 2009, Love filed the present action alleging federal claims of race discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, and a state law claim for intentional

infliction of emotional distress.[1]  At the time plaintiff filed his EEOC charge and, later, this lawsuit, he was a debtor in a Chapter 13 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Mississippi, Case No. 08-11707-DWH, his Chapter 13 petition having been filed May 1, 2008.  However, at no time during the pendency of his bankruptcy case did Love disclose his claims in this lawsuit as an asset to the bankruptcy court.  Tyson has thus filed the present motion, urging the court to hold that Love is judicially estopped from pursuing his claims herein as a consequence of his having failed to disclose and/or concealed these claims from the bankruptcy court in his pending bankruptcy case.  The court agrees and finds that the case should be dismissed.

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation."  In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004) (citing Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988)).  "'The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'"  Id. (quoting In re Coastal Plains, 179 F.3d 197, 205 (5th Cir. 1999).  "[B]ecause judicial estoppel is designed to protect the judicial

---

[1]  Plaintiff's complaint was filed in state court, but the case was timely removed by Tyson.

system, not the litigants, detrimental reliance by the party opponent is not required." Id.

The Fifth Circuit has not hesitated to apply judicial estoppel to foreclose a party from pursuing a cause of action where the party, a debtor in bankruptcy, has concealed his claim from the bankruptcy court, and in fact, has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Kamont v. West, 83 Fed. Appx. 1, 3, 2003 WL 22477703, 2 (5th Cir. 2003). According to the Fifth Circuit, "[a] court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). Each of these elements is satisfied here.

By representing to the bankruptcy court that he had no assets other than those listed in his bankruptcy schedules and then pursuing this cause of action, Love has unquestionably taken inconsistent positions, and he does not contend otherwise. In Superior Crewboats, the court concluded that debtors' commencement and pursuit of a personal injury lawsuit subsequent to the

3

initiation of their bankruptcy proceeding, was "clearly inconsistent" with their bankruptcy case, in which they failed to disclose their cause of action. Emphasizing the continuing nature of a debtor's duty of disclosure, the court stated,

> "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." Coastal Plains, 179 F.3d at 207-08 (emphasis in original). The duty to disclose is continuous. Id. Thus, under Coastal Plains, the Hudspeaths' omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. Id. at 210. Now, however, the Hudspeaths contend, before the state court and in the limitation proceeding, that the personal injury claim is viable and worth $2.5 million. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry.

Superior Crewboats, 374 F.3d at 335; see also Jethroe, 412 F.3d at 600 (reiterating that "[t]he obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one"); Kamont, 2003 WL 22477703, at 3 (filing of EEOC charge while bankruptcy case was pending "trigger[ed] a duty to amend her bankruptcy petition," and by failing to do so, plaintiff was estopped from pursuing discrimination claim).

Furthermore, Love's plan of confirmation was initially approved, and was not thereafter amended, based on the bankruptcy court's impression, as drawn from his bankruptcy schedules, that Love had no assets with which to pay creditors. On September 22, 2008, the bankruptcy court entered an order confirming plaintiff's

4

bankruptcy plan, under which his unsecured creditors are to receive no payment.  Adoption or acceptance of a party's position "does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'" Superior Crewboats, 374 F.3d at 335 (quoting Coastal Plains, 179 F.3d at 206)); see also Jethroe, 412 F.3d at 600 (second prong satisfied because bankruptcy court "certainly confirmed [the debtor's] plan at least in part based on its assessment of her assets and liabilities").

Regarding the third prong, the Fifth Circuit has held that "based on the importance of full disclosure in bankruptcy, 'in considering judicial estoppel *for bankruptcy cases*, the debtor's failure to satisfy its statutory disclosure duty is "inadvertent" only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" Kamont, 2003 WL 22477703, at 3 (quoting Coastal Plains, 179 F.3d at 210) in original).  There is no basis for concluding that Love's failure to disclose this litigation to the bankruptcy court was "inadvertent."  In response to Tyson's motion, other than to refer, without elaboration, to his "mistake to not list his current case in his bankruptcy," Love makes no attempt to explain or excuse his blatant omission in this regard.  Rather, he argues simply that because his bankruptcy is still open and he has now

5

supplemented his bankruptcy schedules to list this case as an asset (which he did only after receiving Love's motion for summary judgment), his positions are no longer inconsistent and he will therefore not derive any unfair advantage and Tyson will suffer no unfair detriment if plaintiff is not estopped.  However, given that "[t]he purpose of the judicial estoppel doctrine ... to protect the integrity of the judicial system, rather than the interest of litigants," and that "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of their assets," Coastal Plains, 179 F.3d at 208, courts have routinely rejected efforts by plaintiffs to avoid judicial estoppel on such reasoning.  See, e.g., Acuna v. Conn. Ge. Life Ins. Co., 560 F. Supp. 2d 548, 555 (E.D. Tex. 2008) (observing that "[a]llowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal asserts only if he is caught concealing them"); Thompson v. Sanderson Farms, Inc., 2006 U.S. Dist. Lexis 48409, at 23 (S.D. Miss. May 31, 2006) ("a plaintiff/debtor should not be allowed to amend a bankruptcy petition only after his omission has been challenged by an adversary").

    For the foregoing reasons, the court concludes that Love should be judicially estopped from pursuing his claims herein and that the case will therefore be dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 10th day of July, 2006.

                                              /s/ Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE